UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANDREW BRYANT, )
)
Plaintiff, )
)
vs. ) No. 2:16-cv-00181-WTL-MJD
)
UNITED STATES OF AMERICA, )
)
Defendant. )

**Entry Discussing Second Amended Complaint and Directing Further Proceedings**

Plaintiff Andrew Bryant, a former inmate at the Federal Correctional Institution in Terre Haute, Indiana, brings this action pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"), and the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff alleges that he was attacked in the "chow hall" by another inmate, that an incident report was written, but later dismissed. He has filed an amended complaint, which is now subject to screening.

**I. Screening of the Amended Complaint**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

As discussed below, the only viable claim stated in the amended complaint is the FTCA claim that prison staff failed to protect him from assault. This claim is already proceeding in this case. The amended complaint is therefore **rejected**.

Bryant's claim brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), that his detention in the SHU was unconstitutionally extended because of disciplinary action taken against him that the defendants knew he was not guilty of and for which he was later cleared is **dismissed.** Bryant alleges that he was "prevented access to his unit team and thus was unable to voice complaints, did not receive the proper clothing garments, bedding, exercise and many other activities and privileges were stripped from [him] unjustly." First, an inmate does not have liberty interest not to be confined to a segregated unit. In *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995), the Supreme Court explained that state-created liberty interests—which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005). Bryant's allegations of the conditions he faced while in the SHU are too vague to raise a reasonable inference that he was subjected to "atypical and significant hardships." *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (The complaint "must actually

suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level."). His Eighth Amendment deliberate indifference claim based on the same conditions of confinement must also be **dismissed**. "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). Bryant has not pled sufficient facts to permit a conclusion that he was at serious risk of harm and that any of the defendants ignored this risk. Bryant's conspiracy claim, failure to intervene claim, equal protection claim, based on this same facts are all **dismissed** for the same reasons.

Bryant's malicious prosecution and due process claim based on the disciplinary action taken against him must be **dismissed**. First, he alleges that he received a hearing on the charges against him and this is sufficient to satisfy due process. *See Hanrahan v. Lane,* 747 F.2d 1137, 1139–41 (7th Cir. 1984) (But because the plaintiff received adequate hearings and these disciplinary decisions were supported by "some facts," he cannot succeed in challenging these decisions). The Seventh Circuit has held that "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). In addition, merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing unit of the jail, does not violate the guarantee of due process. *Miller v. Dobier,* 634 F.3d 412, 414-15 (7th Cir. 2011).

Bryant also alleges that his continued detention in the SHU and transfer to another facility were the result of retaliation by his Unit Team. This claim must be **dismissed** because it is unclear from the complaint what defendants were directly responsible for the alleged retaliation and the claim can proceed only against those who were personally responsible. *Cf. Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").

Any claim based on an alleged failure of the defendants to "complete Plaintiff's halfway packet" must be **dismissed**. In order for a due process claim to exist, Bryant must have had a protected liberty interest in the halfway house placement. *Smith v. Walton*, No. 15-CV-453-MJR, 2015 WL 2407548, at *8 (S.D. Ill. May 19, 2015). As a rule, "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis,* 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes,* 427 U.S. 236 (1976)); *see also Meachum v. Fano,* 427 U.S 215, 223-24 (1976) (the Constitution does not guarantee placement in a particular prison). While a halfway house is a less restrictive environment than a prison, an inmate remains in the custody of the BOP during his halfway house placement, and is still serving his sentence while there. *Smith*, 2015 WL 2407548, at *8; *see also Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .").

## II. Conclusion

For the reasons discussed above, all claims in the amended complaint other than the claim that that the negligence of staff at the FCI Terre Haute caused Bryant to be injured in an attack by another inmate are not viable. Accordingly, the Amended Complaint is rejected as

futile and this case shall continue to proceed as directed in the Entries of June 17, 2016, and December 20, 2016.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 4/11/17

Distribution:

ANDREW BRYANT
1108 E 45th St..
Apt 1A
Chicago, IL 60653

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov